This is 4-12-0702, People of the State of Illinois v. Aaron Booth. For the appellant we have Attorney Gentry and for the appellee we have Attorney Manchin. Mr. Gentry, are you ready to proceed? Good afternoon. My name is Stephen Gentry from the Office of the State Appellant Defender. I'm here representing the appellant Aaron Booth. Aaron Booth was convicted after a bench trial after he was coerced into waiving his right to a jury trial when he was forced to either choose a bench trial or a jury trial with a jury that had been preconditioned to convict him in violation of Illinois Supreme Court rules and case law. The issue was unable to be raised, was not raised and was unable to be raised on direct appeal or in Mr. Booth's initial post-conviction petition due to the ineffective assistance of appellate counsel where appellate counsel did not even order the transcripts of the voir dire. And Mr. Booth, when he filed his... Why couldn't he raise it on his first petition? At the time that he filed his first petition, he did not have the transcripts of voir dire. As the Illinois Supreme Court has opined, it's virtually impossible to raise an issue regarding jury selection without the transcripts. The written record reflected that that transcript was prepared not too long after the voir dire. That is the issue of this appeal. The transcripts of voir dire were prepared on appeal of the dismissal of the first post-conviction petition. So at the time that he had filed it, he did not have those transcripts. In this court, basically what had happened is appellate counsel... Well, he didn't have them, but they were available, right? They were not available to him. They had not been ordered by anyone. And he had no means to obtain them outside of... So it's clear that they were transcribed. Yes, they were. And these transcripts were obtained on the appeal of the dismissal of the first petition. Counsel at that time sought to bring that issue to the attention of this court. This court held that because that issue had not been raised in the initial petition itself, it was not properly before this court. So this is the first opportunity. Shortly after this court made that ruling is when Mr. Booth filed his motion for leave to file a successive post-conviction petition, raising that issue. Now, Mr. Booth at the time had told the court... had asked his attorney to bring to the attention of the court his objection with the jury selection. He was unable to articulate what exactly... as a layperson, obviously, was unable to articulate the Illinois Supreme Court rules and case law, of course, regarding jury indoctrination. But he knew that something was wrong, and he told the court that he was only waiving his right to a jury trial because he could see that he would not get a fair trial from that jury that was selected. The test, of course, as to whether or not a successive post-conviction petition can be filed is whether or not there is cause and prejudice to file the petition. These terms have been developed through case law, and Illinois courts have looked to federal case law regarding habeas petitions in deciding what constitutes cause and prejudice under the Post-Conviction Hearing Act. Cause refers to a factual or legal basis for the claim being not reasonably available before. And that's exactly what we have here. As the Illinois Supreme Court said in People v. Houston, it is virtually impossible to raise a claim regarding jury selection without the transcripts of the volunteer. It's also well established that ineffective assistance of counsel can constitute cause for failing to bring a claim previously, and that's exactly what we have here. Both trial counsel was ineffective for failing to raise the issue at trial, and appellate counsel was ineffective for failing to not only raise the issue, but even obtain the transcripts through which Mr. Booth could have raised the issue in his initial petition. It's not, even if the defendant is aware of the underlying claim, where the support, the factual and legal support for that claim is not available, there has been found to be cause, as there was in People v. Stanley Rice, as Mr. Booth cited. Mr. Booth has thus established that there is an objective reason why this claim could not have been raised prior to the success of the post-conviction petition. He has also established that he was prejudiced by this error. The transcripts, even what, before showing the underlying error, made it clear that he was only waiving his right to a jury trial because he believed he could not get a fair trial based on the indoctrination that the jurors had been subjected to by the state. And make no mistake about it, and the state really did not dispute this in their brief, and I don't expect them to in this argument, the jury was indoctrinated in violation of Supreme Court rules and in violation of the case law. People v. Boston is an example, out of this district, where a similar jury indoctrination was found to be erroneous and reversible error. Now, this case is different than that in that Mr. Booth, instead of taking his trial with a tainted jury, instead was coerced to take a bench trial. And courts have found, as Mr. Booth has cited in his briefs, that where a defendant did not freely and voluntarily waive the right to a jury trial, where that waiver was coerced, that that in and of itself is prejudicial error causing for reversal. Mr. Booth has cited People v. Simpson out of this district, where it was found that the defendant's choice of a bench trial was coerced, where due to a state's discovery violation, it was the only way to get a delay in order to properly prepare for trial. Similarly, that case cites People v. Rivera, where a judge's annoyance was found to be a coercion. Now, the state, I should point out, has raised, with regard to the issue of cause, spent some time in their brief arguing that ineffective assistance of post-conviction counsel cannot constitute cause, but that, I want to make clear to this court, is not Mr. Booth's argument. Mr. Booth is arguing that both trial and appellate counsel were ineffective. He actually did not have counsel when he filed his initial post-conviction petition, so that is not his claim there. You stand by that, that his first post-conviction petition was not filed by counsel? It was filed, Professor. The purpose of the Post-Conviction Hearing Act is to advance fundamental fairness. Likewise, the cause and prejudice test has been applied as an equitable test. Here, applying the purposes of the Post-Conviction Hearing Act, the advancement of fundamental fairness, as well as the equities, Mr. Booth simply did not have an opportunity to raise this important claim regarding his choice to choose a trial by jury. Mr. Booth asks this court to give him an opportunity to raise this claim, which he has never had competent counsel to advance before, by reversing the circuit court's denial of leave to file this successive post-conviction petition, and to remand this back to the circuit court for the appointment of counsel and further proceedings on this case. Thank you, Counsel. Mr. Manson. Mr. Clerk, Court, Counsel, the standard for being allowed to get a successive post-conviction petition is that you have to show both cause and prejudice, and the defendant here did neither. The only possible cause in this case is what he alleged in his successive petition was that he was denied effective assistance of post-conviction counsel, trial counsel, and appellate counsel. So his claim that he's not challenging the effectiveness of post-conviction counsel is inaccurate because in his successive petition, he in fact challenged his earlier representation, claiming ineffective assistance of counsel in the first post-conviction proceedings. As far as his explanation, he gave none. He had the opportunity to seek the voir dire record earlier, but he gave no explanation as to why he didn't. The defendant could also have claimed that his jury waiver was coerced without the transcript of voir dire and then relied upon the rule that says you provide the record to explain why one's not available by simply saying, I have not provided the record of voir dire because it has not yet been provided to me. So the defendant did have the chance or the opportunity to present this claim of coercion on direct appeal, in his first post-conviction petition. He's now seeking a third bite of the apple to get by his own neglect of the case and failing to raise it in any of the prior proceedings when he clearly had the opportunity to do so and has no explanation as to why he didn't raise anything regarding jury selection until after his post-conviction petition was denied and did not seek the record any earlier than he did. So there is no showing of cause because any failure to raise this is the defendant's own fault. He had the opportunity and simply didn't take it. So there is no cause. We don't even have to get to the presence prong. And as far as the coercion prong, we look to the Supreme Court's decision in Brown, which is cited in my brief, which points out that if you don't like the trial court's decision regarding the conduct of voir dire, you have two choices. Either object to the trial court's ruling, get a ruling there, then go to the merits and bring it up on appeal, or you waive a jury. And if you waive a jury, you have now forfeited any claim that the trial court aired in this conduct of the voir dire. That is exactly the situation we have here. We have a defendant who in the trial court did not make any complaint about any kind of indoctrination. Instead, his complaint was that he did not have a jury of his peers because some of the people he wanted on the jury weren't selected. And his complaint was that it was not a jury of his peers because nobody was black and everybody was too old. That was his claim when he decided to waive the jury trial during the course of voir dire. And at the time of that jury waiver, the trial court carefully explained to the defendant the process for jury selection, the rights the defendant had regarding a jury trial, fully admonished the defendant as anything he would need to know as to make a decision, and the defendant made the decision to waive a jury trial. He cannot claim coercion here. This is not a case like the one cited by the defendant where the trial judge gave the defendant's request for continuance or a request for a jury trial, short shrift, or was annoyed at the defendant for his actions. The trial court here patiently and fully explained to the defendant exactly everything that needed to be done, everything he needed to know. So there's simply no coercion. Not liking the jury that has been selected is simply not coercion. There are many instances where a defendant is forced to make a choice between one constitutional right versus another. And the case law is clear. You can force the defendant to make that choice between the two, and making him make that choice is not coercion or is not improper. And so having given up his right to a jury trial by his own free will after full admission, he cannot claim that there's any kind of coercion under Brown. So that you can't even establish any kind of prejudice, even assuming that the trial court's conduct of the board here was improper. Because the defendant had the choice at that point. It's the same choice any defendant has that doesn't like the juries he faces. He can either go to trial and then complain on appeal that the jury selected was done improperly, or he can waive the jury at that point. And under Brown, if he waives the jury at that point, any error that occurred prior to that point doesn't matter. Because it was the defendant's free choice at that point to make the decision. Do you think, understanding effectively the forfeiture here, do you think that had trial counsel objected, or if the trial court had awakened from a nap, he might have said, counsel, what are you doing trying your case or indoctrinating the jury? That's probably not going to have any determinative effect in this case, but it would be nice to have your opinion on that, even if it is just dicta. I think it's a closer case as to whether or not the question was proper than the defendant points out. The question of relationships in domestic dispute and should the girlfriend go back with the boyfriend. But those are evidentiary issues. Yeah, but the case law also indicates where you have a divisive or contentious issue, you can ask questions to try to get the jury's opinion as to that type of issue. Do you believe that a lady who goes back to an abusive boyfriend deserves to be hit a second time? I mean, if you want to look at how divisive the whole area of domestic abuse is, it's just what's going on with the NFL and all the outrage that's raised there, both regarding whether they went back or not. I'm not suggesting you can't delve into the subject, but I would like a concession that his questions of the jury were less than artful. Yes, they were less than artful. But the idea that you could not delve into that, maybe an objection could have gotten the questions focused a little bit more properly or not, but that really doesn't matter because the defendant at that point was faced with a choice every defendant has. I don't like this jury. What do I do? Either go to trial with this jury, hope they would get acquitted, and if you don't, complain on appeal about the jury. What case says that? That is exactly what Brown says. When you say Brown, are you talking about Brownell? Let me see if I can find my... Yeah, excuse me. It is Brownell. Sorry, I misspoke. It is Brownell. It's on page 13 of my brief, 79, Illinois 2nd, 508. In that case, the defendant had objected to death qualification of the jury, and when the trial court denied his objections to death qualification, he then waived the jury. On appeal, the defendant claimed that his jury waiver had been coerced or was improper because of the trial court's ruling as far as death qualification, and the Supreme Court rejected it, stating, No act of the court prevented the defendant from having a jury trial. If error had occurred in voir dire, the defendant could have objected at that point. Counsel could have drawn the court's attention to error. If the error was not corrected, the defendant could raise the error here. The defendant did none of this. Instead, he was argued deprived of a jury trial because of error he might have occurred but did not. We will not indulge in speculation of what error the court might have committed. This court followed Brownell in person. So, clearly, the defendant made a free choice at this point with full admonition and full advice by the court as to what the procedures were for jury selection, what rights he would have as far as a jury trial, what the difference between a jury trial and a bench trial was. And after that careful explanation, the defendant still went ahead with the waiver. That is simply not coercion. It is not a case where the defendant is being forced to go to trial with an attorney who is unprepared,  or the trial court says, okay, I'll give you a jury trial, but we're going to rush it through in 15 minutes. That did not happen here. So the idea that whatever the judge had done, somehow did or did not do, somehow coerced this jury waiver is simply not present here. And as far as the claim that getting back to the cause, there simply was no cause. The defendant says, this is my first chance to complain about the ineffective assistance of trial and appellate counsel. That is not correct. At direct appeal, he had a chance to complain about his trial attorney, regardless of whether his attorney did or not. In his initial petition, he had the same opportunity to complain. I did not like what my trial counsel or appellate counsel did. I did not like that I was forced to wait a jury trial. The defendant had the right to request the voir dire transcription earlier and provides no explanation of why it wasn't done earlier, so that we don't really need to get into the prejudice problem because he hasn't even established the cause. The only cause he suggested in his post-conviction petition, was that his initial post-conviction attorney was ineffective. And it's clear that that cannot be grounds for establishing cause. If there are no further questions. Thank you, counsel. Mr. Gentry. I'd just like to briefly address three items. The cause was that Mr. Booth did not have the transcripts. And the reason he did not have the transcripts is because his counsel on direct appeal, through which was his only source to obtain the transcripts, did not order them, did not provide them to him. He received the transcripts from direct appeal counsel of the trial, and of some of the pretrial matters, but not of the voir dire. And this is typically how defendants who are assigned an attorney from the Office of the State Appellate Defender obtain their transcripts. Upon receiving these transcripts, we can only assume that he thought to himself, these are the transcripts that I will be getting. There's certainly nothing to suggest that he ever had any knowledge that there was any way for him to obtain these, that these were something that should have been obtained by direct appeal counsel. In fact, these voir dire transcripts are regularly obtained by counsel on direct appeal. It's the practice, it is the policy, my understanding, of all the divisions of the Office of the State Appellate Defender to order voir dire transcripts when they exist. And the fact that he ultimately waived the jury trial is of no moment when it's clear, based on the case law that Mr. Booth had cited, that there can still be appellate issues related to the voir dire, even if the jury trial is later waived. Second of all, I would like to address what was just said about Mr. Booth's complaint at the time that he ultimately chose the bench trial under the coercion that he was facing. What he said is that it seems like I'm being forced to do something I don't want to do. I can see I won't get a fair trial out of this jury. The prosecutor set a picture up of what the case is going to be about and mark the scene they bring, and this is how it's going to be. So clearly this was one of the reasons. I mean, just because he had additional concerns with the jury that were not valid does nothing to cancel out his very valid complaints about the jury selection. Last of all, I would just like to address the Brownell case, which is not applicable to this case because what had happened there was not an error underlying. So where the defendant in that case may have chosen a bench trial based on something that had occurred before, what had occurred in that case regarding the death qualification of the jury was not an error. So it's not an issue of where it was an error but not a prejudicial error. Here we have both the erroneous indoctrination of the jury and the prejudicial impact of coercing Mr. Booth to forego the jury trial. Thank you very much. Thank you, Mr. Gentry. We'll take this matter under advisory and be in recess until the next case.